UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTONIO D. DOMINGUEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 07-2105 (RJL) |
| DISTRICT OF COLUMBIA, *et al*. | ) ) ) | |
| Defendants. | ) ) | |

THE DISTRICT OF COLUMBIA'S
MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(5) and 7(b), defendants the District of Columbia and Adrian M. Fenty (collectively, "the District") hereby move this Honorable Court to dismiss the instant matter for failure to effect proper service. The District's Memorandum of Points and Authorities in support hereof is attached hereto and incorporated by reference herein. A proposed Order also is attached hereto.

DATE: December 12, 2007          Respectfully submitted,

                                  LINDA SINGER
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General, Civil Litigation Division

                                      /s/ Ellen A. Efros
                                  ELLEN A. EFROS, D.C. Bar No. 250746
                                  Chief, Equity Section I
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 442-9886
                                  Facsimile: (202) 727-0431

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 12, 2007, copies of the foregoing Motion and all accompanying documents were filed with the Court's Electronic Case Filing system, and sent by U.S. Mail, first-class, postage-prepaid, to:

Antonio D. Dominguez
1515 Ogden Street, NW
No. 338
Washington, D.C. 20010

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO D. DOMINGUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al*. )<br>)<br>Defendants. )<br>) | Civil Action No. 07-2105 (RJL) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
THE DISTRICT'S MOTION TO DISMISS

Defendants the District of Columbia and Adrian M. Fenty (collectively, "the District"), by and through undersigned counsel, respectfully move this Court to dismiss the Complaint because plaintiff has failed to effectuate proper service. This memorandum of points and authorities is provided in support of the District's motion in accordance with LCvR 7(a). A proposed Order is attached hereto.

In support of the instant motion, the District states briefly as follows:

1. According to the docket, the *pro se* Complaint was filed on or about November 20, 2007.

2. On November 29, 2007, plaintiff filed his Affidavit of Service. Plaintiff's Affidavit of Service for the Mayor of the District of Columbia indicates that he attempted to serve the Mayor on November 20, 2007, via certified mail, return receipt requested. The signature of the individual that signed for the certified delivery is not entirely legible, but appears to contain the initials "L. L." or perhaps "L. F."

3. Plaintiff failed to effectuate proper service on the District defendants; they were not properly served as explained within the body of this motion, and do not waive any rights to service through the filing of this motion.

4. Pursuant to Fed. R. Civ. P. 12(b)(5), a party can request that the Court dismiss a complaint for insufficient service of process. *Johnson v. Ashcroft*, 2005 U.S. Dist. LEXIS 17961 (Aug. 17, 2005 D.D.C.). Once such a challenge is made, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Wilson v. Prudential Fin.*, 332 F.Supp. 2d 83, 87 (D.D.C. 2004) (party on whose behalf service is made has the burden of proving that Rule 4 was satisfied).

5. Rule 4(j)(2) governs the service of process upon, *inter alia*, municipal corporations such as the District of Columbia. Specifically, the rule provides that

> Service upon a . . . municipal corporation . . . shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2).

6. The Rules of the D.C. Superior Court provide that:

> Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

SCR-Civil 4(j)(1).

7. Pursuant to Mayor's Order 2004-77 (May 14, 2004), the Mayor has designated the Secretary of the District "as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas) . . . ." *See* Ex. 1 (Mayor's Order 2004-77). The Secretary of the District, in turn, has designated Tabatha Braxton and Gladys Herring as the employees of the Office of the Secretary authorized to receive legal correspondence on behalf of the Mayor and Secretary. *See* Ex. 2. The Attorney General has designated Civil Litigation Division employees Darlene Fields, Tonia Robinson, and Gale Rivers as designees to receive service of process on behalf of the Attorney General. *See* Ex. 3 (Attorney General Office Order 2005-19). In order to effectuate proper service on the District of Columbia, service must be received by one of the Secretary's designees.

8. In this case, plaintiff filed an Affidavit of Service indicating that he served the Mayor by certified mail, return receipt requested. The Affidavit includes a copy of the "certified green card" and indicates that an individual with the initials "L.L." or "L.F." received the document. This individual is not authorized to receive service on behalf of either the Mayor/Secretary or the Attorney General. As the Mayor of the District of Columbia was not properly served, the District should be dismissed.

9. In the case of *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the District of Columbia Court of Appeals addressed the same issue presented here: whether service on the Mayor and the Attorney General "is complete when a complaint is sent by certified mail and signed for as 'received' by anyone in their respective offices." *Id.* at 787. The trial court in *Eldridge* concluded that it was *not*, finding that, "while service . . . can be effected by mail, it is clear that *a properly designated employee* is required to sign for [the] complaint, summons and

- 3 -

initial order on behalf of the Mayor and the . . . [Attorney General] . . ." *Id.* (emphasis added) (quoting opinion of the trial court).

      10. The Court of Appeals, in affirming the decision of the trial court, observed:

> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the [Attorney General] must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the [Attorney General] receive an enormous amount of mail. Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination. The flaw in appellant's argument is that, although the complaint was mailed to the Office of the Mayor and the Office of the [Attorney General] and signed for by employees in those respective offices, they were not, however, *signed for and received by the specific employees designated to receive service of process*. This court, therefore, concludes that appellant did not effect proper service of process upon the Mayor or the [Attorney General]in accordance with the strictures of Super. Ct. Civ. R. 4(j)(1).

*Id.* (emphasis added).

      11. Indeed, this Court has recently noted that "*Eldridge* reaffirms established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process." *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Thus, plaintiff has not properly served the District of Columbia.

      12. "Unless the procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant." *Wilson v. Prudential Fin.*, 332 F.Supp. 2d 83, 87 (D.D.C. 2004).

      13. Proper service has not been made on the defendants. The District's instant response does not concede service because "simply being on notice of a lawsuit 'cannot cure an otherwise

- 4 -

defective service.'" *Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175, *35, quoting *Whitehead v. CBS/Viacom, Inc.,* 221 F.R.D. 1, 2–3 (D.D.C. 2004).

    14. Based on the above, the District respectfully requests that the Court dismiss plaintiff's Complaint against the District.

DATE: December 12, 2007        Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Litigation Division


                                      _____/s/ Ellen A. Efros_____
                                      ELLEN A. EFROS, D.C. Bar No. 250746
                                      Chief, Equity Section I
                                      441 Fourth Street, N.W., 6th Floor South
                                      Washington, D.C. 20001
                                      Telephone: (202) 442-9886
                                      Facsimile: (202) 727-0431


                                      _____/s/ Andrew J. Saindon_____
                                      ANDREW J. SAINDON, D.C. Bar No. 456987
                                      Assistant Attorney General
                                      Equity I Section
                                      441 Fourth Street, N.W., 6th Floor South
                                      Washington, D.C. 20001
                                      Telephone: (202) 724-6643
                                      Facsimile: (202) 727-0431
                                      andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO D. DOMINGUEZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-2105 (RJL) |
| DISTRICT OF COLUMBIA, *et al*. | ) |
| Defendants. | ) |

ORDER

Upon consideration of the District of Columbia's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, the entire record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the District's Motion to Dismiss be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that the Complaint is DISMISSED as against the District of Columbia and the Honorable Adrian M. Fenty.

SO ORDERED.

DATE: _____        _____
                                  RICHARD J. LEON
                                  United States District Judge

**DISTRICT OF COLUMBIA REGISTER**  MAY 2 1 2004

GOVERNMENT OF THE DISTRICT OF COLUMBIA

ADMINISTRATIVE ISSUANCE SYSTEM

Mayor's Order 2004-77
May 14, 2004

SUBJECT:                Handling of Legal Correspondence

ORIGINATING AGENCY:     Executive Office of the Mayor

By virtue of the authority vested in me as Mayor of the District of Columbia pursuant to section 422(2) of the District of Columbia Home Rule Act of 1973, as amended, approved December 24, 1973, Pub. L. No. 93-790, D.C. Official Code § 1-204.22 (2001 ed.), it is hereby **ORDERED** that:

1. The Secretary of the District ("Secretary") hereby is designated as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas) other than notices of claims pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management ("ORM") hereby is designated as the Mayor's agent for the receipt of such notices of claims. The Mayor's duty to receive notices of claims pursuant to § 12-309 shall continue to be delegated to the ORM, as provided in Mayor's Order 2004-10 (dated January 20, 2004).

2. The Mayor's Correspondence Unit ("Unit") shall forward all notices of claims to the ORM for further handling in accordance with such directives as the Director of the ORM shall prescribe. The Correspondence Unit shall forward all other legal correspondence to the Secretary for further handling as set forth in this Order.

3. The Secretary shall designate from time to time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor. The personnel so designated shall receive legal correspondence either from the person effecting service upon the Secretary, from the Unit, or from any other originating or transmitting source, as the case may be.

4. The Secretary shall forward to ORM any notices of claims delivered to or received by the Secretary. Upon receipt of legal correspondence other than notices of claims, the Secretary shall log the documents into the IQ System, assigning the item of correspondence an IQ number for tracking purposes. The Secretary may scan the correspondence into the IQ system, at her discretion, or may decline to do so on grounds of its voluminous nature or otherwise.

J-3147—75

5. The Secretary may scan the correspondence into the IQ system, at her discretion, or may decline to do so on grounds of its voluminous nature or otherwise. The Secretary shall record the IQ number prominently in the upper right corner of the first page of the legal correspondence.

6. For summonses, complaints, and subpoenas, the Secretary shall note in the IQ system: the caption of the case to which the correspondence relates (*e.g.*, "Smith v. District of Columbia"), the court in which the case is filed (*e.g.*, District of Columbia Superior Court, United States District Court for the District of Columbia), the docket number of the case, the title of the document (*e.g.*, "summons," "complaint," or "subpoena"), the manner in which the document was delivered (by hand or by mail, and by whom received), and the date of receipt in the Office of the Secretary. If the legal correspondence was forwarded by certified or registered mail, the personnel designated by the Secretary shall complete the information required on the postal card accompanying the mailing (commonly referred to as the "green card"), return the card by mail to the sender, and enter in the IQ System the information entered on the green card. The Secretary shall enter prominently on the first page of the legal correspondence a stamp showing the fact and date of receipt in the Office of the Secretary, in addition to the assigned IQ number.

7. The Secretary shall forward legal correspondence, processed in accordance with the foregoing Paragraph 5 of this Order, to the Office of the Corporation Counsel for further handling in accordance with such directives as the Corporation Counsel may issue from time to time.

8. All prior Mayor's Orders and Mayor's Memoranda relating to the handling of legal correspondence in the Office of the Mayor are hereby superseded to the extent of any inconsistency between such prior orders and memoranda on the one hand and the terms of this Order on the other.

9. **EFFECTIVE DATE:** This Order shall become effective immediately.

*[signature]*
ANTHONY A. WILLIAMS
MAYOR

ATTEST: *[signature]*
SHERRYL HOBBS NEWMAN
SECRETARY OF THE DISTRICT OF COLUMBIA

**Government of the District of Columbia**
Office of the Secretary of the District of Columbia



Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

## MEMORANDUM

**TO:**   Mr. George Valentine
Deputy Attorney General
Civil Litigation Division
Office of the DC Attorney General

**FROM:** Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

**DATE:** January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
(Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc: The Mayor's Correspondence Unit
    Peter Nickels, General Counsel to the Mayor
    Linda Singer, Attorney General

1350 Pennsylvania Avenue, NW, Suite 419, Washington, DC 20004 (202) 727-6306

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF THE ATTORNEY GENERAL



**ATTORNEY GENERAL**

Office Order No. 2005-19

SUBJECTS: Designation of employees authorized to receive service of process on behalf of the Attorney General for the District of Columbia.

Pursuant to Reorganization Order No. 50 of June 26, 1953, as amended, the following employees in the Civil Litigation Division, Office of the Attorney General for the District of Columbia, are designated to receive service of process on behalf of the Attorney General (formerly the Corporation Counsel) when service is required to be made on the Attorney General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or pursuant to Mayor's Order:

       Darlene Fields, Secretary
       Tonia Robinson, Legal Assistant
       Gale Rivers, Secretary

In the absence of these three individuals, the Deputy or the Assistant Deputy of the Civil Litigation Division may also accept service of process.

An employee receiving service of process pursuant to this Order shall note the time and date of receipt on the document, and shall forward all papers served on the employee to the Civil Litigation Division for docketing.

This Order will take effect immediately and supersedes all previous Orders, including Office Order No. 4-91 (May 17, 1991), to the extent of any inconsistency.

                                          Robert J. Spagnoletti
                                          Attorney General

Dated this 6th day of June, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ANTONIO D. DOMINGUEZ,               )
                                    )
       Plaintiff,                   )
                                    )
v.                                  )    Civil Action No. 07-2105 (RJL)
                                    )
DISTRICT OF COLUMBIA, *et al*.      )
                                    )
       Defendants.                  )
_____)

ORDER

Upon consideration of the District of Columbia's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, the entire record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the District's Motion to Dismiss be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that the Complaint is DISMISSED as against the District of Columbia and the Honorable Adrian M. Fenty.

SO ORDERED.


DATE: _____         _____
                                   RICHARD J. LEON
                                   United States District Judge