UNITED STATES DRISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK
US DISTRICT & BANKRUPTCY COURTS
2008 JAN -7 PM 5: 16
RECEIVED

ANTONIO D. DOMINGUEZ,

Plaintiff,

VS.

Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

Defendants,

## MEMORANDUM OF POINT AND AUTHORIRITIES
## IN OPPOSITION TO
## THE DISTRICT'S MOTION TO DISMISS

Plaintiff, Antonio D. Dominguez, respectfully move this Court to denial the District's Motion to Dismiss because the plaintiff properly effectuated service. This memorandum of point and authorities is provided in support of the plaintiff's motion to denial and a proposed Order is attached hereto in accordance with LCvR 7(a).

In support of this motion, the Plaintiff states briefly as follows:

1. The plaintiff (pro se) filed the Complaint on November 20, 2007.

2. Pursuant to Fed. R. Civ. P. 4(j)(2) on November 20, 2007 the plaintiff delivered via certified mail, return receipt requested a copy of the summons and of the complaint to the District of Columbia by and through Adrian M. Fenty, Mayor of the District of Columbia, by virtue of office it's Chief Executive Officer.

3. That the other named defendant, Vincent C. Gray, Chairman, Council of the District of Columbia was delivered via certified mail, return receipt

requested a copy of the summons and of the complaint on the same day (November 20, 2007).

4. On November 29, 2007, plaintiff filed with this honorable court his Affidavit of Service with the certified green card acknowledging service as required by the Local Rule and Pursuant to Fed. R. Civ. P. 4(j)(2).

5. Fed. R. Civ. P. 4(j)(2) governs the service of process upon, inter alia, municipal corporations such as the District of Columbia. Specifically, the rule provides that: Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and the complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendants.

6. The Fed. R. Civ. P. 4(j)(2) clearly give the plaintiff several choices to proceed by inserting the word <u>or</u> after each option:

   A. by delivering a copy of the summons and of the complaint to its chief executive officer or

   B. by serving the summons and the complaint in the manner prescribed by the law of that state for the service of summons or

   C. other like process upon any such defendants.

   The Fed. R. Civ. P. 4(j)(2) do not required that all the elements be met in order to properly provide service of process.

7. Rule 4(j)(1) of the District of Columbia Superior Court Civil Rules prescribes the method for effecting service of process on the District of

Columbia:

> "Service shall be made upon the District of Columbia by delivering. . . or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Council [now the Attorney General] of the District of Columbia (or designee). The Mayor and the Corporation Council may each designate an employee for receipt of service of process by filing written notice with the Clerk of the [Superior] Court."

8. D.C. Super. Ct. Civ. R. 4(j)(1). Paragraph (c)(3) states that service may be effected "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested".

9. The Mayor has designated the Secretary of the District of Columbia as his agent for receipt of legal correspondence including summonses and complaints. See Mayor's Order 2004-77 (May 14, 2004). In addition, the Mayor has ordered that:

> **"The Secretary shall designate from time to time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor. The personnel so designed shall receive legal correspondence either from the person effecting service upon the Secretary, front the Unit, or from any other originating or transmitting**

source, as the case may be."

10. Not only does plaintiff have little control over which employee in an office happens to sign for the mail when it arrives, but there is nothing in Rule 4 of the Superior Court rules or in the Mayor's Orders to warn plaintiffs that service will be invalid if someone other than the Secretary or her specific designee does happen to sign for a letter containing legal correspondence. To the contrary, Mayor's Order 2004-77 states that the Secretary's designees "*shall* receive legal correspondence either from the person effecting service upon the Secretary, from the Unit, or from any other originating or transmitting source, as the case may be." Mayor's Order 2004-77 (May 14, 2004) (emphasis added).

This language suggests that the Secretary and her employees have the responsibility of ensuring that the correct individual receives service of process. Furthermore, Mayor's Order 2004-77 on paragraphs 2, 3, 6 and 7 clearly establish a set of directives relating to the handling of legal Correspondence in the Office of the Mayor. If those directives are follows the Mayor have been served.

11. US District Court for the District of Columbia Local Rule and the Federal Rules of Civil Procedure requires that each listed defendants be service. Service of process upon "individuals within a judicial district of the United States" is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Rule4(e)(2): "service upon an individual may be effected by delivering a copy of the summons and of the complaint to the individual personally or by

leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."
FED. R. CIV. P. 4(e)(2). Rule 4(e)(1) also permits service to be effected according to the "law of the state in which the district court is located, or in which service is effected." FED. R. CIV. P.4(e)(1). The Civil Rules of the Superior Court of the District of Columbia establish, in pertinent part, service requirements parallel to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure. See D.C. SUPER. CT. CIV. R. 4(e)(2). Rule 4(c) of the D.C. Superior Court Civil Rules also permits service to be effected upon an individual by certified or registered mail.

12. In the case at bar, it is of general knowledge that Adrian M. Fenty is the Mayor for the District of Columbia and the official place of business is the City Hall (aka "the Wilson Bldg.") locate at 1350 Pennsylvania Ave. NW Washington, D.C 20004 and the entire 6th floor is the Mayor Office. Plaintiff therefore acted reasonably in assuming that his attempt to serve process on the Mayor when mailed the summons and complaint to the Mayor by certified mail, return receipt requested to the correct address on November 20, 2007 was proper conformed to the requirements of Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rules 4(j)(1) and 4(c)(3) of the District of Columbia Superior Court Civil Rules.

13. It is settled that "a face to face encounter and an in hand delivery of the

papers is not always essential" under Rule 4(e)(2). Numerous federal courts have applied this principle to Rule 4(j)(2). Furthermore, lack of a state law that prescribed a face to face encounter and/or the official signatures of the individual or designee to reflect that they are the first to handle the papers create the flaw in the defendant claim that the plaintiff failed to effectuate proper service on the District defendants.

14. The defendants claim that the issue presented on the Eldridge and Bird cases addressed the same issue presented here are not correct. Neither of those cases addressed the Mayor's Order 2004-77 (May 14, 2004) on paragraphs 2, 3, 6 and 7 nor the lack of state law that prescribed a face to face encounter and/or the official signatures of the individual or designee to reflect that they are the first to handle the papers.

15. Furthermore, the District's effort to conceal from it official web sites and/or failures to file written notices in both the US and District Courts with the official signatures, the names and locations of those designees from the general public are clear conspiracy to evade proper service.

16. Based on the above, the plaintiff respectfully requests that the Court denial defendant's motion to dismiss.

Respectfully submitted,

_____
ANTONIO D. DOMINGUEZ
1515 Ogden St. NW # 338
Washington, D.C. 20010
(202) 425-6900

UNITED STATES DRISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO D. DOMINGUEZ,

    Plaintiff,

VS.                                                    Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

    Defendants,

## ORDER

Upon consideration of the District of Columbia's Motion to Dismiss, the Plaintiff's respond to the District of Columbia's Motion to Dismiss, the Memorandum of Point and Authorities in Support thereof, the entire record herein, the court determines that the District of Columbia's Motion to Dismiss must be DENIED, it is herby:

ORDERED, that the District of Columbia's Motion to Dismiss be, and herby is DENIED, and it is SO ORDERED.

DATE: _____          _____

                                                   RICHARD J. LEON
                                                   United States District Judge

**DISTRICT OF COLUMBIA REGISTER**

GOVERNMENT OF THE DISTRICT OF COLUMBIA

MAY 21 2004

ADMINISTRATIVE ISSUANCE SYSTEM

Mayor's Order 2004-77
May 14, 2004

SUBJECT:   Handling of Legal Correspondence

ORIGINATING AGENCY:   Executive Office of the Mayor

By virtue of the authority vested in me as Mayor of the District of Columbia pursuant to section 422(2) of the District of Columbia Home Rule Act of 1973, as amended, approved December 24, 1973, Pub. L. No. 93-790, D.C. Official Code § 1-204.22 (2001 ed.), it is hereby **ORDERED** that:

1. The Secretary of the District ("Secretary") hereby is designated as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas) other than notices of claims pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management ("ORM") hereby is designated as the Mayor's agent for the receipt of such notices of claims. The Mayor's duty to receive notices of claims pursuant to § 12-309 shall continue to be delegated to the ORM, as provided in Mayor's Order 2004-10 (dated January 20, 2004).

2. The Mayor's Correspondence Unit ("Unit") shall forward all notices of claims to the ORM for further handling in accordance with such directives as the Director of the ORM shall prescribe. The Correspondence Unit shall forward all other legal correspondence to the Secretary for further handling as set forth in this Order.

3. The Secretary shall designate from time to time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor. The personnel so designated shall receive legal correspondence either from the person effecting service upon the Secretary, from the Unit, or from any other originating or transmitting source, as the case may be.

4. The Secretary shall forward to ORM any notices of claims delivered to or received by the Secretary. Upon receipt of legal correspondence other than notices of claims, the Secretary shall log the documents into the IQ System, assigning the item of correspondence an IQ number for tracking purposes. The Secretary may scan the correspondence into the IQ system, at her discretion, or may decline to do so on grounds of its voluminous nature or otherwise.

J-3147—75

**DISTRICT OF COLUMBIA REGISTER**                              MAY 2 1 2004

5. The Secretary may scan the correspondence into the IQ system, at her discretion, or may decline to do so on grounds of its voluminous nature or otherwise. The Secretary shall record the IQ number prominently in the upper right corner of the first page of the legal correspondence.

6. For summonses, complaints, and subpoenas, the Secretary shall note in the IQ system: the caption of the case to which the correspondence relates (e.g., "Smith v. District of Columbia"), the court in which the case is filed (e.g., District of Columbia Superior Court, United States District Court for the District of Columbia), the docket number of the case, the title of the document (e.g., "summons," "complaint," or "subpoena"), the manner in which the document was delivered (by hand or by mail, and by whom received), and the date of receipt in the Office of the Secretary. If the legal correspondence was forwarded by certified or registered mail, the personnel designated by the Secretary shall complete the information required on the postal card accompanying the mailing (commonly referred to as the "green card"), return the card by mail to the sender, and enter in the IQ System the information entered on the green card. The Secretary shall enter prominently on the first page of the legal correspondence a stamp showing the fact and date of receipt in the Office of the Secretary, in addition to the assigned IQ number.

7. The Secretary shall forward legal correspondence, processed in accordance with the foregoing Paragraph 5 of this Order, to the Office of the Corporation Counsel for further handling in accordance with such directives as the Corporation Counsel may issue from time to time.

8. All prior Mayor's Orders and Mayor's Memoranda relating to the handling of legal correspondence in the Office of the Mayor are hereby superseded to the extent of any inconsistency between such prior orders and memoranda on the one hand and the terms of this Order on the other.

DISTRICT OF COLUMBIA REGISTER                MAY 2 1 2004

9. **EFFECTIVE DATE:** This Order shall become effective immediately.

*[signature]*
ANTHONY A. WILLIAMS
MAYOR

ATTEST: *[signature]*
SHERRYL HOBBS NEWMAN
SECRETARY OF THE DISTRICT OF COLUMBIA

UNITED STATES DRISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO D. DOMINGUEZ,

        Plaintiff,

VS.                                    Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

        Defendants,

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 7, 2008, copies of the Memorandum of Point and Authorities in Opposition to the District's Motion to Dismiss and all accompanying documents were filed with the Clerk of the Court and copies of the aforementioned Memorandum and all accompanying documents sent by U.S. Mail, first-class postage to:

ANDREW J. SAINDON
Assistant Attorney General
441 Fourth St. N.W., 6th Floor South
Washington, D.C. 20001

JAYME KANTOR
Assistant Attorney General
441 Fourth St. N.W., 6th Floor South
Washington, D.C. 20001

JOHN HOELLEN
Deputy General Counsel
Office of the General Council
Suite # 4
1350 Pennsylvania Ave. N.W.
Washington, D.C. 20004

Respectfully submitted,

ANTONIO D. DOMINGUEZ
1515 Ogden St. NW # 338
Washington, D.C. 20010