UNITED STATES DRISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO D. DOMINGUEZ,

Plaintiff,

VS.                                           Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

Defendants,

MEMORANDUM OF POINT AND AUTHORIRITIES
IN SUPPORT OF PLAINTIFF
MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, as and for his Complaint against Defendants, allege as follows:

INTRODUCTION

1. This action is brought to strike down a recently enacted provision of Washington D.C. election law that creates a precondition for ballot access qualification and to change the date of the District's Presidential Preference Primary date and will unlawfully disenfranchise thousands of registered voters.

2. This new provision, cited as the "Elections Date Amendment Act of 2007" ( D.C. ACT 17-88 ) was enacted to amend the District of Columbia Election Code of 1955 to change the date of the District's presidential preference primary from the 2nd Tuesday in January of each presidential election year to the 2nd Tuesday in February of each presidential election year; to allow political parties to hold elections for party officials on either the 2nd Tuesday in February of each presidential election year or the 1st Tuesday after the 2nd Monday in September of each presidential election year if there is a primary election already scheduled for other purposes on the date requested;

and to eliminate the provision that elections for delegates to conventions and conferences of political parties can be held on dates when primary, general, or special elections are scheduled for other purposes.

3. This new provision, cited as the "Elections Date Amendment Act of 2007" ( D.C. ACT 17-88 ), went into effect on/or about 30 days (pending congressional review) after the Chairman (City Council) Vincent Gray and Mayor Adrian Fenty signed it into law on July 25, 2007.

4. This brad new bureaucratic obstacle to eliminate the provision that elections for delegates to conventions and conferences of political parties can be held on dates when primary, general, or special elections are scheduled for other purposes clearly disenfranchise thousands of eligible voters from making they choice due to meaningless so called Party Plan filed with the Board of Election and Ethics, but unknown by the general public and countless internal parties requirements. Therefore, placing a burden and other factors unrelated to voter's eligibility and outside of voter's control. That by the action of the Council and the Mayor, the citizen of the District of Columbia and myself are disenfranchise from a greater input in the elections for delegates to conventions and conferences elections and/or party officials of all political parties by allowing party official to select unknown places and/or date for mass meetings, conventions, caucuses or such other of lower turnout means as the September primaries.

5. That by signing the bill into law the Mayor and the Chairman in a gross disrespect and insult to the people's intelligence and in a clear conspiracy to protect the sitting incumbents chose to leave the September 9, 2008 primary date untouched.

Therefore, placing the burden of disenfranchisement and discrimination in our city electoral process based on, but, no limited to the following facts:

- A- Any citizen that wish to run as an independent for any City Council, U.S. House of Representatives and/or any other public office is placed at a disadvantage by the time table set by the present District's Code with regard the filing and certification deadlines.

- B- The time frame between the certification and/or the primaries to the general elections is 1000% to the advantage to of incumbents.

- C- The bias media of Washington, D.C. give-up the coverage after the primary date due to the disproportional party registration of the City.

6. That this Act (D.C. ACT 17-88) will leave out of the election process one of the major political party based on their rules for qualifying a political party member for listing on the ballot as a candidate for nomination for President in the District of Columbia's presidential primary.

7. This new provision, cited as the "Elections Date Amendment Act of 2007" ( D.C. ACT 17-88 ) place a burden of disenfranchisement and discrimination in our city electoral process, violates and undermines the Help America Vote Act of 2002 ("HAVA"), as well as voter's rights protected by the First and Fourteenth Amendments to the United States Constitution.

8. Plaintiff therefore seek a declaratory judgment, a preliminary injunction, a permanent injunction that will take effect immediately prohibiting the District from implementing the Act.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a case arising under the laws of the United States; under 28 U.S.C. § 1343(a)(4), as a case seeking equitable and other relief pursuant to an act of Congress providing for protection of the right to vote; and under 42 U.S.C. § 1983, as a case seeking to enforce rights and privileges secured by the laws of the United States.

10. Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. § 2201(a) and 2202.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claim have occurred or will occur in this district.

## PARTIES

12. Plaintiff, Antonio D. Dominguez, which maintains residence at 1515 Ogden St. N.W., Washington, D.C. 20010, is a registered voter and potential candidate for City Council at Large. Mr. Dominguez grassroots leadership engages in public policy education and advocacy, and encourages citizen participation by registering voters and encouraging voting.

13. A significant number of registered citizen, a major party organization, will also be harmed. They will want to vote in the primary for President of United States in the February 12, 2008. Because of the requirement under the new Act (D.C. ACT 17-88), however, they will be kept off the official list of parties participant, therefore, will be unable to cast a valid vote.

14. Defendants, Adrian M. Fenty, Mayor, the chief executive officer of the District government and Vincent C. Gray, Chairman, the presiding officer of the Council are sued in they official capacity as Mayor and Chairman.

## THE FACTS

### I.

15. In pertinent part, District's laws relating to Presidential Preference Primary amended by D.C. ACT 17-88 are as follows:

16. Section 1(2) (D.C. Official Code § 1-1001.01(2)) is amended by striking the phrase ": Provide, that all elections for delegates to conventions and conferences of political parties, upon the request of the said party, shall be scheduled at the same time as primary, general, or special elections already scheduled for other purposes".

17. Section 10(a)(1) (D.C. Official Code § 1-1001.05(b)(1)) is amended to read as follows: "(a)(1) The elections of the officials referred to in sections 1(1),(2),(3) or (4) shall be held, at the request of the party, on either the 2nd Tuesday in February of each presidential election year or the 1st Tuesday after the 2nd Monday in September of each presidential election year if there is a primary election already scheduled for other purposes on the date requested… "

18. On information and belief, D.C. ACT 17-88, do not exclude the requirements placed by the Official D.C. Code and the District of Columbia Board of Elections and Ethics Regulations with regard to the Presidential Preference Primary such as the filings of declaration of candidacy and the nominating petition signatures.

19. On information and belief, D.C. ACT 17-88, do not requires to, indeed, none of the political party has published specific criteria by which their to execute the elections of delegates to conventions and conferences of their political parties.

II

## THE HELP AMERICA VOTE ACT OF 2002

20. To revive confidence in the electoral system after widespread criticism of the administration of the 2000 election, Congress passed the Help America Vote Act ("HAVA"), which was signed into law by President Bush on October 29, 2002. HAVA thus ensures that voting and election administration systems will "be the most convenient, accessible, and easy to use for voters" and "be nondiscriminatory and afford each registered and eligible voter an equal opportunity to vote and have that vote counted" 42 U.S.C. § 15381(a)(1) and (3).

III

## THE FIRST AND FOURTEENTH AMENDMENTS

21. The First and Fourteenth Amendments of the United States Constitution protect the right to vote as a fundamental right. The amendment's guarantees of freedom of speech and association protect the right to vote and to participate in the political process. Moreover, the right to vote is a fundamental constitutional right incorporated into the Due Process Clause of the Fourteenth Amendment.

## CLAIMS

### COUNT I

22. Plaintiff repeat and re-allege paragraphs 1 through 21, as if fully set forth herein.

23. To the extent D.C. ACT 17-88 that by striking the phrase ": Provided, that all elections for delegates to conventions and conferences of political parties, upon the request of the said party, shall be scheduled at the same time as primary, general, or special elections already scheduled for other purposes" from Section 1(2) (D.C. Official Code § 1-1001.01(2)) leave the parties officials with more options to disenfranchisement by a call to state conventions, caucuses and/or mass meeting at time and place less known and inconvenience to the general public and/or subject to cover charges, the statute violate HAVA and interferes with federal rights secured by HAVA.

24. By striking the provisions set forth above the political parties have the final decisions with regard the specific criteria by which to execute the elections of delegates to conventions and conferences of their political parties and replace it with a little known system at the will of some individuals under the so called "Party Plan" and will fail to provide sufficient and meaningful notice of actions and decisions affecting many District's registered voters, and will fail to provide adequate or timely process for voters to challenge such actions and decisions.

25. D.C. ACT 17-88, conflicts with HAVA, a federal statute, and is preempted.

26. D.C. ACT 17-88 creates a real and imminent threat that eligible Washington voters, including plaintiff, will be deprived of their federal to cast ballots and to have those ballots counted on the primary.

27. Plaintiff and Washington voters are being deprived of federal rights guaranteed under HAVA and 42 U.S.C. § 1983.

28. Moreover, D.C. ACT 17-88 threatens plaintiff and Washington voters interests in ensuring that their rights to cast ballots in the primary elections, and to have their vote counted, are fully realized.

29. Absent this Court's intervention, Plaintiff and Washington Voters will suffer irreparable injury through the interference of D.C. ACT 17-88 with their federal rights.

30. Plaintiff and Washington Voters have no adequate remedy at law for such deprivation of their rights.

31. Defendant's conduct must be preliminary and permanently enjoined to prevent enforcement of D.C. ACT 17-88 from interfering with federal rights and thereby causing irreparable injury to Plaintiff and Washington Voters.

## COUNT II

32. Plaintiff repeat and re-allege paragraphs 1 through 31, as if fully set forth herein.

33. D.C. ACT 17-88 will allow each parties to come up with different procedures unknown to the general public, without sufficient justification, different burdens on the right to vote of similarly situated eligible voters.

34. If the parties enforce the provisions set forth in D.C. ACT 17-88, eligible Washington Voters, including the Plaintiff, are likely not to have their vote counted based on arbitrary distinction that they were victim of policy and/or requirements beyond their control- such as applications deadlines, etc.

35. Defendants has no compelling or important interest that justifies this arbitrary, unreasonable, an unequal burden upon Plaintiff and Washington Voters fundamental rights.

36. Absent this Court's intervention, Plaintiff and similarly situated Washington Voters will suffer irreparable injury through deprivation of the equal right to vote

37. Plaintiff and Washington Voters have no adequate remedy at law for such deprivation of their rights, privileges and immunities

**PREYER FOR RELIEF**

WEREFORE, Plaintiff ask this court to enter an Order:

Preliminary and permanently enjoining Defendant's, his employees, agents, and successors in office from implementing D.C. ACT 17-88

Respectfully submitted,

ANTONIO D. DOMINGUEZ
1515 Ogden St. NW # 338
Washington, D.C. 20010