UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO D. DOMINGUEZ

    Plaintiff,

VS.                                  Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

    Defendants,

**MEMORANDUM OF POINT AND AUTHORITIES
IN OPPOSITION TO
THE DISTRICT'S MOTION TO DISMISS AND OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Antonio D. Dominguez, respectfully move this Court to denial the District's Motion to Dismiss. This memorandum of point and authorities is provided in support of the plaintiff's motion to denial and a proposed Order is attached hereto in accordance with LCvR 7(a).

In support of this motion, the Plaintiff states briefly as follows:

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations—including mixed question of law and fact—as true and draw all reasonable inferences in the plaintiff's favor. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Holy Land Found for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). It is not necessary for the plaintiff to plead all elements of his prima facie case, see *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir.

RECEIVED
JAN 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2000) (internal quotations and citation omitted). The Court will not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003); *Gilven v. Fire*, 259 F.3d 749, 756 (D.C. Cir. 2001).

Defendant claims, and the Plaintiff agrees, that Help American Vote Act (HAVA) does indeed leaves to the discretion of the States how they "tailor solutions to their own unique problems." However, in tailoring their solutions, States are not free to conflict with a clearly stated intention of Congress. Gonzales v. Raich, 545 U.S. 1, 29 (2005). "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." States are not free to act in direct conflict or opposition to the stated objectives of federal legislation. The D.C. Act 17-88 does just that. It makes it harder to vote for delegates. The Supreme Court has" stated time and again that courts must presume that a legislature says in a statue what it means and means in a statue what it says there. Connecticut Nat'l Bank v. Germain. 503 U.S. 249, 253-54 (1992) (internal citations omitted).

> **Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one indeed, which would justify a Court in departing from the plain meaning of words... in search of an intention which the words themselves did not suggest.**

United States v. Wiltberger, 18 U.S. 76, 95-96 (1820). Plaintiffs do not dispute the authority of the states to enact election laws. However, D.C. Act 17-88 takes away the election of delegates at the primaries. But, instead at the discretion of the party plan which is unknown to the general public. It is that requirement that will surely

disenfranchised citizens regardless the eligibility to vote. The disenfranchisement, however unintentional, causes damage to the election system that cannot be repaired after the election has passed. If the Court was to denied Plaintiff the injunction, the District of Columbia citizens, the plaintiff, and the integrity of the electoral process would be substantially injured. Congress has explicitly stated that "the right of citizens of the United States to vote is a fundamental right." 42 U.S.C. § 1973gg (a)(1). Protection of this fundamental right serves the public interest. "Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy." Purcell v. Gonzalez, 127 S. Ct. 5, 7 (2006). "Discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation." 42 U.S.C. § 1973gg (a)(3). Therefore, public interest is strongly in favor of ensuring that every eligible person in District of Columbia is guaranteed the right to vote.

Defendant claims, that the plaintiff's claims lack ripeness and he has no standing as a third-party. To the contrary, the Plaintiff is a registered voter affected directly by the D.C. Act 17-88. Furthermore, in Newman v. Piggie Park Enterprises, Inc; 390 U.S. 400, 402 (1968) the Supreme Court noted that when a plaintiff obtains an injunction, " he does so not for himself alone, but also as a 'private attorney general' vindicating a policy that Congress considered of the highest priority." The Supreme Court also held that, this and other federal courts have repeatedly held that individual litigants, acting as private attorneys-general, may have standing as "representatives of the public interest." Flast v. Cohen, 392 U.S. 83, 120 (1968).

Based on the above, the plaintiff respectfully requests that the Court denial defendant's motion to dismiss.

Respectfully submitted,

ANTONIO D. DOMINGUEZ
1515 Ogden St. NW # 338
Washington, D.C. 20010
(202) 425-6900

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO D. DOMINGUEZ,

      Plaintiff,

VS.                                  Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

      Defendants,

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on January 28, 2008, copies of the Memorandum of Point and Authorities in support of Plaintiff's Response to Defendant's Joint Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction and all accompanying documents were filed with the Clerk of the Court and copies of the aforementioned Memorandum and all accompanying documents sent by U.S. Mail, first-class postage to:

| | |
|---|---|
| ANDREW J. SAINDON<br>Assistant Attorney General<br>441 Fourth St. N.W., 6th Floor South<br>Washington, D.C. 20001 | JAYME KANTOR<br>Assistant Attorney General<br>441 Fourth St. N.W., 6th Floor South<br>Washington, D.C. 20001 |

JOHN HOELLEN
Deputy General Counsel
Office of the General Council
Suite # 4
1350 Pennsylvania Ave. N.W.
Washington, D.C. 20004

Respectfully submitted,

                                                ANTONIO D. DOMINGUEZ
                                                1515 Ogden St. NW # 338
                                                Washington, D.C. 20010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO D. DOMINGUEZ,

        Plaintiff,

VS.                                    Civil Action No. 07- 2105 (RJL)

DISTRICT OF COLUMBIA, et al

        Defendants,

## ORDER

Upon consideration of the Defendant's Joint Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction, the Plaintiff's respond to the Joint Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction, the Memorandum of Point and Authorities in Support thereof, the entire record herein, the court determines that the District of Columbia's Motion to Dismiss must be DENIED, it is herby:

    ORDERED, that the District of Columbia's Motion to Dismiss be, and herby is DENIED, and it is SO ORDERED.

DATE: _____           _____

                                                  RICHARD J. LEON
                                                 United States District Judge