UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

ANTONIO D. DOMINGUEZ,                )
                                     )
        Plaintiff,                   )
                                     )
   v.                                )   Civil Case No. 07-2105 (RJL)
                                     )
DISTRICT OF COLUMBIA, *et al.*,      )
                                     )
        Defendants.                  )
                                     )

**MEMORANDUM OPINION**
(February 19, 2008) [#2, #5, #8, #12]

Antonio D. Dominguez ("Dominguez" or "plaintiff"), brought this action, *pro se*, against the District of Columbia, Mayor Adrian Fenty ("Mayor" or "Mayor Fenty") and Vincent C. Gray, Chairman of the Council of the District of Columbia ("Gray" or "Chairman Gray") (collectively, "defendants") on November 20, 2007, challenging the Election Date Amendment Act of 2007 and requesting "emergency relief." Following plaintiff's apparent service, the Court set a status conference. Notwithstanding the defendants' objection to personal jurisdiction, the Court set a briefing schedule for the preliminary injunction and defendants' motion to dismiss. Oral argument was held on February 1, 2008. Pending before the Court are three motions: plaintiff's motion for a preliminary injunction (Dkt. #2, #8) and the defendants' motions to dismiss on procedural (Dkt. #5) and substantive (Dkt. #12) grounds. For the following reasons, the Court DENIES plaintiff's motion and GRANTS defendants' motion to dismiss.

## BACKGROUND

On July 25, 2007, the Council of the District of Columbia enacted the Election Date Amendment Act of 2007, 54 D.C. Reg. 8018 (Aug. 17, 2007) ("the Act" or "Election Amendment"). The Election Amendment amended the District of Columbia Election Code of 1955, D.C. Code § 1-1001.01, *et seq.*, to change the date of the District's presidential preference primary election; "to allow political parties to hold elections for party officials" in either February or September of a presidential election year; and "to eliminate the provision that elections for delegates to conventions and conferences of political parties can be held on dates when general or special elections are scheduled." 54 D.C. Reg. at 8018.

Dominguez is a registered voter, but not a registered member of the Democrat party. *Compare* (Mem. of Point & Auth. in Supp. of Pl.'s Mot. for Prelim. Inj. ("Pl.'s Mot.") ¶ 12), *with* Prelim. Inj. Hr'g Tr. ("PI Tr.") 38:5-6, 23-25, Feb. 1, 2008. He also claims that he is a "potential candidate for City Council at Large." (Pl.'s Mot. ¶ 12.)

Almost four months after enactment of the Act, Dominguez brought this lawsuit. He sent copies of the summons and complaint to the Mayor and Chairman Gray via certified mail on November 20, 2007. (Aff. of Service [Dkt. #3].) Although not entirely legible, the signature on the certified delivery labels appears to be "L.L." or "L.F." (*Id.*)

Dominguez has alleged multiple challenges to the Election Amendment.[1] Based on the hearings and pleadings to date, the Court has concluded that the essence of

---

[1] Plaintiff's challenges include that giving political parties the option to hold primary elections for local office in September, which the Democratic party has selected, will result in lower voter turnout and is a

Dominguez's allegations is his concern that the Election Amendment "take[s] [away] the right of the citizens from electing delegates at a primary." PI Tr. 6:16-18. Dominguez apparently believes that the elimination of the requirement that delegate elections be held on the same dates when elections are otherwise held will essentially enable the political parties, specifically the Democrat party, to operate "incognito." In essence, Dominguez is concerned that these delegate elections, which are governed by rules set forth in a "party plan," will occur "at [a] time and place less known [to] and inconvenien[t] to the general public," making it more difficult for citizens to cast their votes.[2] (Pl.'s Mot. ¶¶ 23-24.) With regard to Dominguez's allegations that the Election Amendment is a "conspiracy" designed to keep incumbents in office and place potential challenger candidates at a disadvantage, however, he alleges no facts explaining these allegations, and did not even address this concern during oral argument.

Dominguez seeks an injunction of the new law and a declaratory judgment that the Election Amendment disenfranchises voters in violation of the First and Fourteenth

---

"conspiracy" to protect incumbents (Compl. ¶¶ 3-4); that the filing and certification deadlines places potential candidates seeking to run for office as an independent at a disadvantage (Compl. ¶ 5); Tr. 6:6-19, Dec. 13, 2007; and that the selection of and qualification requirements for delegates to the Democratic National Convention disenfranchises registered Democrats because the procedures established in the "party plan" filed with the Board of Election and Ethics are "unknown by the general public" (Pl.'s Mot. ¶¶ 4, 6); PI Tr. 6:14-22, 12:4-8.

[2] Dominguez's concern might also be that on February 12, 2008, registered Democrats will not vote for *delegates* to the Democratic National Convention. PI Tr. 8:12-16. According to Dominguez, pursuant to the Party Plan, registered Democrats will elect the potential delegates to represent them at the Convention in caucuses at a different time. PI Tr. 14:22-25, 18:1-9. Dominguez expressed concern that these procedures were not readily available to the public. PI Tr. 16:14-17:6; (Pl.'s Mot. ¶ 19.) Since that time, it appears from oral argument that Dominguez has obtained a copy of the Party Plan.

Amendments and the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301, *et seq.*[3]

## DISCUSSION

I.   **Legal Standards**

Defendants move to dismiss the complaint, and the preliminary injunction, due to ineffective service of process[4] and lack of standing. While I agree that plaintiff's service of process was ineffective, I will only dismiss the case on the basis of a lack of standing.

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a complaint for ineffective service of process. "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation marks and citation omitted). If dismissing the claim without prejudice due to insufficient service would lead to the refiling of a meritless claim, however, our Circuit has held that it is proper to consider other means of dismissing the case. *See Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369-70 (D.C. Cir. 1997).

---

[3] In addition to seeking an injunction, Dominguez seeks an order from this Court requiring the Mayor and Gray to hold an emergency legislation session to enact a new election law requiring all political parties to abide by the same deadlines and schedule the local primaries for some date on or before June 13, 2008. Furthermore, plaintiff seeks an award of costs and $250,000 "to use by plaintiff only to conduct election awareness campaign." (Compl. ¶¶ 5-6.)

[4] D.C. defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 7(b) on December 12, 2007. At the status conference on December 13, 2007, Chairman Gray joined that motion. Tr. 26:11-15, Dec. 13, 2007. At this status conference, the Court informed *pro se* plaintiff that he should respond to the arguments presented in the motion to dismiss on or before January 7, 2008.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. The plaintiff has the burden of establishing the elements of federal jurisdiction, including Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). While the Court must construe the complaint liberally in determining whether the Court has subject matter jurisdiction pursuant to Rule 12(b)(1), *see Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002)), it is still the plaintiff's burden to demonstrate jurisdiction, *Tremel v. Bierman & Geesing, L.L.C.*, 251 F. Supp. 2d 40, 43 (D.D.C. 2003). The Court is permitted to look beyond the allegations contained in the complaint to resolve a motion to dismiss for lack of subject matter jurisdiction. *See Lindsey v. United States*, 448 F. Supp. 2d 37, 43 (D.D.C. 2006).

## II.   Service of Process

Absent proper service of process, a Court may not exercise personal jurisdiction over the defendants named in the complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).[5] Accordingly, courts routinely dismiss lawsuits against defendants, including the District of Columbia, when service is not properly effectuated. *See Byrd v. District of Columbia*, 230 F.R.D. 56, 58-59 (D.D.C. 2005) (citing *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004)); *Wilson-Greene v. Dep't of Youth Rehab. Servs.*, No. 06-2262, 2007 WL 2007557, *1-2 (D.D.C. July 9, 2007) (dismissing *pro se* complaint for failure to properly effectuate service).

---

[5] Defendants have not waived service in this case. Although defendants have appeared in Court and filed motions pursuant to the Court's directions, at all times defendants have objected to the proceedings on the grounds that the Court lacks personal jurisdiction over them.

Recognizing that *pro se* litigants are given greater latitude to correct any defects in service of process, our Circuit requires district courts to permit *pro se* litigants time to perfect service of process. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Indeed, here Dominguez's attempt to effectuate service was insufficient because none of the individuals designated to receive service on behalf of the defendants signed for the summons and complaints.[6] Absent proper service, the Court lacks the necessary jurisdiction to enjoin the defendants.

Indeed, although Federal Rule of Civil Procedure 4(m) permits courts to dismiss without prejudice complaints that do not comply with the requirements of Rule 4, courts within this jurisdiction have not rigidly applied this rule "where courts have not first informed *pro se* plaintiffs of the consequences of failing to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in which service of process was attempted." *Erwin v. United States*, No. 05-1698, 2006 WL 2660296 (D.D.C. Sept. 15, 2006) (internal quotations omitted) (quoting *Lindsey v. United States*, 448 F. Supp. 2d 37 (D.D.C. 2006)) (denying motion to dismiss for insufficient

---

[6] The Mayor and Gray have designated other persons to accept service of process on their behalf. (Mayor's Order No. 2004-77, Handling of Legal Correspondence (May 14, 2004), attached as Ex. 1 to D.C. Mot. to Dismiss (designating the Secretary of the District to receive service of process on Mayor's behalf); Mem. re: Designation of Staff to Handle/Accept Legal Correspondence (Jan. 16, 2007), attached as Ex. 2 to D.C. Mot. to Dismiss (designating three employees of the Office of the Secretary to receive legal correspondence on behalf of the Mayor and the Secretary of the District); Attorney General Office Order No. 2005-19 (June 6, 2005), attached as Ex. 3 to D.C. Mot. to Dismiss (designating three Civil Litigation Division employees to receive service of process on behalf of Corporation Counsel, now the Attorney General); Rules of Organization and Procedure for the Council of the District of Columbia (Res. 17-1), § 851(a), 54 D.C. Reg. 156 (Jan. 3, 2007) (designating the Secretary and General Counsel to accept service for the D.C. Council or any Member). The D.C. Court of Appeals holds plaintiffs to the exacting requirements of D.C. Rule 4(j)(1). *Eldridge*, 866 A.2d at 787. Thus, "service of process is invalid when the plaintiff sends a summons and complaint by certified mail to defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process." *Byrd*, 230 F.R.D. at 59.

service of process in light of leniency granted to *pro se* plaintiffs and insignificant defect, since defendant had notice of the action and made an appearance). However, since this Court did not previously warn the plaintiff of the consequences of failing to perfect service of process, it will not dismiss his complaint for this defect. Lack of standing, however, is a different issue.

### III.  Standing

For this Court to have subject matter jurisdiction over plaintiff's complaint and motion for a preliminary injunction, Dominguez must have standing. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975); *In re Navy Chaplaincy*, 516 F. Supp. 2d, 119, 127 (D.D.C. 2007) (denying motion for preliminary injunction for lack of standing). Standing, in essence, focuses on whether the plaintiff is the proper party to bring a lawsuit. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing, "[a] plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be readdressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added). In short, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines*, 521 U.S. at 819. As a general rule, a plaintiff does not have standing to litigate on behalf of another person's legal rights. *See Allen*, 468 U.S. at 751. For the following reasons, the Court concludes that the plaintiff lacks the necessary standing to bring this suit or obtain a preliminary injunction.

First, Dominguez has failed to articulate any "personal injury" he has suffered, or will suffer, at the hands of the Election Amendment. As he himself admitted: "I'm

gaining at this moment *nothing out of this*." Tr. 19:21-22 (emphasis added). Thus, to the extent he principally alleges that the Election Amendment negatively impacts registered Democrats, plaintiff can neither demonstrate a personal harm to him nor can he seek to vindicate any alleged harm to those registered Democrats. *See Huertas v. City of Camden*, No. 05-5375, 2006 WL 2772033, *2-4 (D.N.J. Sept. 22, 2006) (dismissing claim that proposed redevelopment is pretext for disenfranchising Hispanic voters for lack of standing because plaintiff did not allege he was a resident or homeowner affected by the redevelopment), *aff'd* 245 Fed. Appx. 168 (3d Cir. 2007). It is axiomatic that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Simply stated, Dominguez "cannot rest his claim to relief on the legal rights or interests of third parties [*i.e.*, registered Democrats]." *Warth*, 422 U.S. at 499; *see Campbell v. Louisiana*, 523 U.S. 392, 397 (1998).

Second, to the extent he claims harm by virtue of the deadlines and qualifications imposed on potential candidates, Dominguez has provided no basis from which the Court could even infer that he has personally suffered an injury. Although he claims to be a potential candidate for City Council, he has utterly failed to explain any way the deadlines and qualifications would impair *his* possible candidacy. *See Van Allen v. Pataki*, 9 Fed. Appx. 41, 42 (2d Cir. 2001) (upholding plaintiffs' lack of standing to challenge candidate petitions, in part, because they did not allege an intention to submit a

petition and if they did, they could select who signed it). And finally, plaintiff has set out nothing indicating any reason why the primary date would favor incumbents or disenfranchise voters. At most, Dominguez suggested his concern that the amount of time between the primary and the general election for local officials will place challengers at a campaigning disadvantage. He has not, however, demonstrated how this would harm *him*, particularly since he does not allege that he intends to run for election.[7]

As a result of all these arguments, the Court must conclude that Dominguez has not suffered injury in fact, and therefore has no standing to bring this lawsuit or seek a preliminary injunction. Accordingly, the defendants' motion to dismiss the complaint is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for a preliminary injunction and GRANTS defendants' motion to dismiss.[8] An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[7] To the extent Dominguez is arguing that the amount of time between the primary and general election is insufficient for him (or others) to obtain information about the candidates, this claim is dismissed for failure to state a claim upon which relief can be granted. As the Supreme Court recently confirmed in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), the complaint "does not need detailed factual allegations," but the grounds for relief "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted). Dominguez cannot clear this hurdle. He has alleged nothing tending to show that the amount of time between the primary and general election is so short as to render his right to vote meaningless.

[8] Because the Court grants defendant's motion to dismiss, defendant's motion to dismiss for failure to effect service is DENIED as moot.